# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LORIN KAL BUCKNER,
Plaintiff,

vs.

JP MORGAN CHASE,
Defendant.

Case No. 1:17-cv-302
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Lorin Buckner brings this action for declaratory relief under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, which gives borrowers the right to rescind certain consumer credit transactions secured by the borrower's principal dwelling if the lender fails to satisfy TILA's disclosure requirements. This matter is before the Court on plaintiff's motion for temporary restraining order and injunctive relief (Doc. 2).

In the complaint, plaintiff alleges that he has been paying on his home since 1999. (Doc. 1 at 3). Plaintiff alleges that on February 9, 2004, he obtained a loan from Washington Mutual on the property. Plaintiff alleges that defendant purchased Washington Mutual's assets in September 2008. On November 20, 2008, defendant allegedly raised the interest rate on plaintiff's loan from 3 to 7 percent. (*Id.*). Plaintiff alleges that pursuant to § 1635(a), he sent defendant a notice of rescission on July 8, 2016. (*Id.*; Notice of Rescission and Tender, Exh. 1, Doc. 1-1 at 1).

In the instant motion, plaintiff seeks a temporary restraining order enjoining a foreclosure sale on the property scheduled for May 18, 2017. (Doc. 2 at 1).

In determining whether to issue injunctive relief, the Court must balance the following factors:

1. Whether the party seeking the injunction has a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction would otherwise suffer irreparable injury;

3. Whether an injunction would cause substantial harm to others; and

4. Whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Id.* A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Id.* at 739.

Here, plaintiff is not entitled to injunctive relief because he does not have a strong likelihood of success on the merits of his claim for declaratory relief under the TILA. First, based on the allegations in the complaint, plaintiff's action seeking rescission of his loan is time-barred. "A party seeking rescission must notify the lender of their decision to rescind within three years of the consummation of the transaction or the sale of the property, whichever is first." *Hughes v. Deutsche Bank Nat'l Tr. Co.*, No. 5:16-cv-2245, 2017 WL 770147, at *2 (N.D. Ohio Feb. 28, 2017) (citing 15 U.S.C. § 1635(f)). Plaintiff alleges in his complaint that he received the loan at issue from Washington Mutual on February 9, 2004. Thus, plaintiff's right to rescind ended on February 9, 2007. Even assuming for the sake of argument that the change of the interest rate on the loan by defendant on November 20, 2008 somehow reset plaintiff's rights under the TILA, any right plaintiff would have had to rescind based on this change would have ended on November 20, 2011. However, plaintiff did not send defendant a notice of rescission until July 8, 2016. Thus, plaintiff does not have a strong likelihood of success on the merits of his TILA claim because that claim is time-barred.

2

Second, even if plaintiff's notice of rescission was timely, the right of rescission under the TILA "is inapplicable to residential mortgage transactions used to purchase a home." *Hughes*, 2017 WL 770147, at *3 (citing 15 U.S.C. § 1635(e)(1)). "The Act defines a 'residential mortgage transaction' as a transaction that creates a security interest against the consumer's dwelling 'to finance the acquisition or initial construction of such dwelling.'" *Id.* (citing 15 U.S.C. § 1602(x)). Additionally, "a borrower's right to rescind under TILA does not apply to home loans that are refinanced unless those transactions include new fund advances." *Johnson v. Green Tree Servicing, LLC*, No. 15-cv-1685, 2016 WL 1408115, at *3 (W.D. Wash. Apr. 6, 2016) (citing 15 U.S.C. § 1635(e)(2)). Plaintiff has neither alleged nor presented any evidence to show that the loan at issue was not a residential mortgage transaction and was not a refinancing without new fund advances. (*See generally* Doc. 1).

Based on the foregoing, plaintiff has failed to present any evidence showing that he has a strong likelihood of success on the merits of his TILA claim. Accordingly, it is **RECOMMENDED** that his motion for a temporary restraining order and injunctive relief (Doc. 2) be **DENIED**.

Date: 5/5/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LORIN KAL BUCKNER,
Plaintiff,

vs.

JP MORGAN CHASE,
Defendant.

Case No: 1:17-cv-302
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).