# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LORIN KAL BUCKNER,
Plaintiff,

Case No. 1:17-cv-302
Dlott, J.
Litkovitz, M.J.

vs.

JP MORGAN CHASE,
Defendant.

**ORDER**

This matter is before the Court on defendant's motion to strike plaintiff's first amended complaint. (Doc. 22).

Plaintiff filed his original complaint in this matter on May 4, 2017. (Doc. 1). Defendants filed a motion to dismiss plaintiff's complaint on June 23, 2017. (Doc. 13). On August 23, 2017, the Court granted plaintiff an extension of time for an additional thirty days to file a response in opposition to defendant's motion to dismiss. (Doc. 20). Plaintiff instead filed an amended complaint on October 5, 2017. (Doc. 21). Defendants filed their motion to strike the amended complaint on October 19, 2017. (Doc. 22).

The Court finds that plaintiff has failed to properly amend his complaint pursuant to Fed. R. Civ. P. 15(a)(1). A party may amend his complaint once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). If these circumstances are inapplicable, a party "may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Once a party has exhausted its one-time right to amend as a matter of course, it may make further amendments only with the opposing party's consent or

with leave of court." *Green v. City of Southfield*, No. 15-13479, 2016 WL 692529, at *3 (E.D. Mich. Feb. 22, 2016) (citing *United States v. D'Agostino*, 802 F.3d 188, 192 (1st Cir. 2015)).

In this case, plaintiff filed the original complaint on May 4, 2017 (Doc. 1) and defendant filed its motion to dismiss on June 23, 2017 (Doc. 13). Plaintiff did not file his amended complaint within 21 days of the filing of his original complaint, nor did he file his amended complaint within 21 days of defendant's filing of the motion to dismiss or within the extensions of time granted by the Court. (*See* Docs. 17, 20). Therefore, plaintiff could not make any further amendments to his complaint without the opposing party's consent or leave of this Court. Fed. R. Civ. P. 15(a); *Green,* 2016 WL 692529 at *4. *See also* 6 Charles Alan Wright, *Federal Practice and Procedure,* § 1483 (3d ed. 2010) (Rule 15 permits "only one amendment as a matter of course."). Thus, the Court will strike the amended complaint as being filed in violation of Fed. R. Civ. P. 15(a). *Nicholson v. City of Westlake,* 20 F. App'x 400, 402 (6th Cir. 2001) (holding that district court did not abuse its discretion when it struck an amended complaint that was filed in violation of Fed. R. Civ. P. 15(a)).

For these reasons, defendant's motion to strike is **GRANTED** and the Clerk is directed to **STRIKE** plaintiff's amended complaint (Doc. 21) from the docket.

**IT IS SO ORDERED**.

Date: 11/6/17

Karen L. Litkovitz
United States Magistrate Judge