# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LORIN KAL BUCKNER,
Plaintiff,

vs.

JP MORGAN CHASE,
Defendant.

Case No. 1:17-cv-302
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff Lorin Buckner brings this action for declaratory relief under the Truth in

Lending Act ("TILA"), 15 U.S.C. § 1635, which gives borrowers the right to rescind certain

consumer credit transactions secured by the borrower's principal dwelling if the lender fails to

satisfy TILA's disclosure requirements. This matter is before the Court on defendant's motion to

dismiss. (Doc. 13). This matter is also before the Court on plaintiff's motion to amend his

complaint (Doc. 24) and defendant's response in opposition (Doc. 25) as well as plaintiff's

motion for reconsideration (Doc. 26) and defendant's response in opposition (Doc. 27).

## I. Background

Plaintiff filed his original complaint in this matter on May 4, 2017. (Doc. 1). Plaintiff

also filed a motion for temporary restraining order and injunctive relief on May 4, 2017. (Doc.

2). On May 5, 2017, the undersigned recommended that plaintiff's motion for a TRO be denied

because plaintiff failed to present any evidence showing that he had a strong likelihood of

success on the merits of his TILA claim. (Doc. 5). On July 21, 2017, the District Court adopted

the recommendation that plaintiff's motion for a TRO be denied. (Doc. 15).

Defendant filed a motion to dismiss plaintiff's complaint on June 23, 2017. (Doc. 13).

On August 23, 2017, the Court granted plaintiff an extension of time for an additional thirty days

to file a response in opposition to defendant's motion to dismiss. (Doc. 20). Plaintiff instead filed an amended complaint on October 5, 2017. (Doc. 21). To date, plaintiff has not filed a response to defendant's motion to dismiss. Defendant filed a motion to strike plaintiff's amended complaint on October 19, 2017. (Doc. 22). On November 6, 2017, the Court granted defendant's motion to strike after determining that plaintiff's amended complaint had been filed in violation of Fed. R. Civ. P. 15(a). (Doc. 23). Plaintiff then filed a motion to amend his complaint in accordance with Rule 15. (Doc. 24).

## II. The Complaint

Plaintiff alleges that he and Renee Buckner are owners of the real property located at 6119 Creekside Way in Hamilton, Ohio. (Doc. 1 at 2). Plaintiff alleges that on or around February 4, 2004, Washington Mutual loaned money to him in the amount of $270,344.93. (*Id.* at 3). Thereafter, plaintiff alleges that defendant JP Morgan Chase purchased or assumed Washington Mutual's assets on or around September 25, 2008. (*Id.*). On or around November 20, 2008, plaintiff alleges that defendant raised the interest rate on his loan from three percent to seven percent. (*Id.*).

On July 8, 2016, plaintiff sent a notice of rescission by certified mail notifying defendant of his intent to rescind the loan. (*Id.*). Plaintiff alleges that defendant failed to take possession of his property within 20 days of his notice of rescission and thereafter plaintiff sent a "Notice of Default for the Rescission" to defendant. (*Id.*). Plaintiff claims that defendant forfeited the right to make a claim against him for the obligation owed as a result of defendant's failure to take possession of the property. (*Id.* at 3-4). Plaintiff also claims that defendant brought a lawsuit against him alleging breach of contract on the loan. (*Id.* at 2-3). As relief, plaintiff seeks a

declaration that the debt on the loan is discharged and an injunction prohibiting any further collection or foreclosure activity on the loan. (*Id.* at 5).

## III. Motion to Dismiss (Doc. 13)

Defendant moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground the complaint fails to state a claim upon which relief can be granted. (Doc. 13). First, defendant contends that plaintiff's complaint is time-barred under TILA's three year limitation period in which a party must notify a lender of his or her decision to rescind a loan. (*Id.* at 4). Second, defendant contends that plaintiff's complaint fails to allege facts showing that his loan is applicable for TILA rescission. (*Id.* at 5). Third, defendant contends that the sale of plaintiff's property at a sheriff's sale bars his TILA rescission claim.

### A. Rule 12(b)(6) standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter,* 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). The Court must hold pro se pleadings to less stringent standards than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g., Martin v. Overton,* 391 F.3d 710, 712 (6th Cir. 2004).

**B. Defendant's motion to dismiss should be granted.**

*i. Plaintiff's TILA rescission claim is time-barred*

Congress enacted TILA to "promote the informed use of credit by requiring disclosures about its terms and cost." 12 C.F.R. § 226.1(b). *See also Girgis v. Countrywide Home Loans, Inc.,* 733 F. Supp.2d 835, 842 (N.D. Ohio 2010). Under TILA, a party can seek damages or rescission of a loan. *Hughes v. Deutsche Bank Nat'l Tr. Co.,* No. 5:16-cv-2245, 2017 WL 770147, at *2 (N.D. Ohio Feb. 28, 2017). "[A] consumer's right to unilaterally rescind applies only to credit transactions 'in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended.'" *Girgis,* 733 F. Supp.2d at 842-43 (quoting 15 U.S.C. § 1635(a)). *See also Barrett v. JP Morgan Chase Bank, N.A.,* 445 F.3d 874, 875 (6th Cir. 1998). "A party seeking rescission must notify the lender of their decision to rescind within three years of the consummation of the transaction or sale of the party, whichever is first." *Hughes,* 2017 WL 770147, at *2 (citing 15 U.S.C. § 1635(f)). *See also Mills v. EquiCredit Corp.,* 172 F. App'x 652, 656 (6th Cir. 2006).

As best the Court can discern, plaintiff obtained a loan from Washington Mutual Bank on February 4, 2004. (Doc. 1 at 3). Plaintiff's complaint alleges that he sought to rescind his loan under TILA after defendant purchased the assets of Washington Mutual Bank and raised the interest rate on his loan. (*See* Doc. 1 at 2-3). Plaintiff alleges that defendant failed to take

possession of his property within twenty days upon receiving notice of the rescission as required by 15 U.S.C. § 1635(b) and, therefore, he is no longer obligated on the loan. (*Id.* at 4).

Here, plaintiff's right to rescind his loan ended on or around February 9, 2007, three years after the loan was made. However, plaintiff did not send defendant a notice of rescission until July 8, 2016. (Doc. 1 at 6; Notice of Rescission and Tender, Exh. 1, Doc. 1-1 at 1). Therefore, plaintiff's claim for rescission under TILA is time-barred. *See Golliday v. First Direct Mortg. Co., Inc.*, 2009 WL 5216141, at *4 (W.D. Mich. Dec. 29, 2009) (dismissing TILA claim for failure to state a claim for relief because it was apparent from the face of the complaint that plaintiff's claim was barred by TILA's three-year limitation period for rescission).

Moreover, under TILA, the right to rescind is a "statutorily created right that expires three years after the loan." *Thielen v. GMAC Mortg. Corp.*, 671 F. Supp.2d 947, 954-55 (E.D. Mich. 2009) (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998)) ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period."). Thus, a claim for rescission under TILA is not subject to equitable tolling of the statute of limitations. *Id.* at 955 (quoting *In re Community Bank of N. Va.*, 467 F. Supp.2d 466, 481 (W.D. Pa. 2006) ("[U]nlike the one year limitation . . . for damages, the three year limitation . . . for rescission is not a statute of limitations subject to tolling, but rather it is a statute of repose, which creates a substantive right, not subject to tolling."). As explained above, plaintiff's right to rescind ended three years after he received the loan from Washington Mutual—on or around February 9, 2007. Even assuming for the sake of argument that the change of the interest rate on the loan by defendant on November 20, 2008 somehow reset plaintiff's rights under the TILA, plaintiff's right to rescind based on this change ended on November 20, 2011 and plaintiff's claim would still be time-barred.

Relying on 15 U.S.C. § 1635(b), plaintiff alleges that "[a]t issue here is not whether Plaintiff was eligible for a rescission under 15 U.S. Code § 1635, but what happens after the creditor (Defendant) fails to take possession of the property that was tendered unconditionally." (Doc. 1 at 4). However, the section to which plaintiff refers, entitled "right of rescission as to certain transactions," depends on whether a valid rescission occurs in the first place under 15 U.S.C. § 1635(a). Section 1635(b) provides:

> (b) Return of money or property *following rescission*: When an obligor exercises *his right to rescind* under subsection (a), he is not liable for any finance or other charge. . . . Within 20 days after receipt of a *notice of rescission*, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. . . .

15 U.S.C. § 1635(b) (emphasis added).

As discussed above, plaintiff's right to rescind his loan under TILA is time-barred. Therefore, plaintiff retains no rights under 15 U.S.C. § 1635(b) based on defendant's alleged failure to take possession of his property within 20 days. Accordingly, plaintiff fails to state a claim for relief under TILA. However, in the event that the District Judge declines to adopt the recommendation that plaintiff's complaint be dismissed on this basis, the Court will also consider the other grounds for dismissal under Fed. R. Civ. P. 12(b)(6) asserted in defendant's motion.

### ii. *Plaintiff's complaint does not state a claim for relief under TILA*

The right of rescission under TILA is inapplicable to residential mortgage transactions. 15 U.S.C. § 1635(e)(1). *See also Hughes*, 2017 WL 770147, at *3. A residential mortgage transaction is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial

construction of such dwelling." 15 U.S.C. § 1602(x). Where a plaintiff pleads in his complaint that a loan was obtained to finance the acquisition of his dwelling, "courts have found that the transaction constitutes a residential mortgage transaction, for which TILA does not provide a right of rescission." *Seldon v. Lehman Bros., Inc.*, No. 09-13162, 2010 WL 2978067, at *4 (E.D. Mich. July 9, 2010) (citing *Kamara v. Columbia House Loans*, 654 F. Supp.2d 259, 264 (E.D. Pa. 2009); *Berry v. Bank of America*, No. 09-14081, 2009 WL 4950463, *4 (E.D. Mich. 2009)), *adopted*, 2010 WL 3168044 (E.D. Mich. July 26, 2010). Moreover, "a borrower's right to rescind under TILA does not apply to home loans that are refinanced unless those transactions include new fund advances." *Johnson v. Green Tree Servicing, LLC*, No. 15-cv-1685, 2016 WL 1408115, at *3 (W.D. Wash. Apr. 6, 2016) (citing 15 U.S.C. § 1635(e)(2)).

Defendant asserts that "TILA rescission is only available for certain loans," and "[p]laintiff has failed to allege facts showing that the subject loan is one of those loans." (Doc. 13 at 5).

Plaintiff alleges that he "[has] been paying on [his] home since 1999" and did not breach a contract with defendant. (Doc. 1 at 3). Plaintiff also refers to himself as a "homeowner" in his complaint. (*Id.* at 4). Thus, it appears from the facts alleged in plaintiff's complaint that he obtained the loan at issue to finance his home. Moreover, plaintiff has not alleged or presented any facts to show that the loan at issue was not a residential mortgage transaction. *See Hughes*, 2017 WL 770147, at *3 (granting motion to dismiss and holding that plaintiffs were not entitled to TILA's right of rescission because they "[did] not allege that their loan was for something other than the acquisition or construction of their home"); *Berry*, 2009 WL 4950463, *4 (same). Therefore, in addition to being time-barred under the Act, plaintiff does not plead sufficient facts showing that he is entitled to TILA's right of rescission.

### iii. The sale of plaintiff's property bars his TILA claim

Under 15 U.S.C. § 1635(f), "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. . . ." *See also Barrett v. JP Morgan Chase Bank, N.A.*, 445 F.3d 874, 878 (6th Cir. 2006). Property sold through a foreclosure sale terminates a right to rescind. *Marschner v. RJR Fin. Servs., Inc.*, 382 F. Supp.2d 918, 921 (E.D. Mich 2005) ("[A] foreclosure sale would terminate an unexpired right to rescind.") (quoting 12 C.F.R. § 226, Supp. I, Paragraph 23(a)(3)-3).

In his complaint, plaintiff alleges that defendant brought a lawsuit against him as a result of the loan at issue. (Doc. 1 at 2). Although plaintiff does not expressly allege that defendant sold his property as a result of the lawsuit, the Court is permitted to consider the documents attached to defendant's motion to dismiss showing that plaintiff's property was foreclosed upon and sold at a sheriff's sale to defendant. *Thomas v. Publishers Clearing H., Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002) (citations omitted) (Where the plaintiff "fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading."). Here, defendant attaches copies of a foreclosure decree from July 6, 2015 and the sheriff's return order of sale from May 18, 2017. (Doc. 13-1, Exhs. A, B). These pertinent documents show that plaintiff's property was sold. Therefore, plaintiff's right of rescission under TILA expired by virtue of the sale and defendant's motion to dismiss should be granted for this reason, in addition to the above mentioned reasons.

## IV. Motion to Amend (Doc. 24)

Plaintiff filed his motion to amend on November 6, 2017—the same day this Court granted defendant's motion to strike his amended complaint from the record. (Doc. 24). In his

motion to amend, plaintiff asserts that he is "not well versed in the legal rules and proper procedures to request pursuant to the Civil Rules of Procedure." (*Id.* at 2). Plaintiff asks that the amended complaint "be received as if properly filed, based on excusable error." (*Id.*). Plaintiff asserts that the amended complaint is based on issues and facts that were discovered after the filing of the original complaint. (*Id.* at 3). According to plaintiff, the amended complaint seeks to add: "the memorandum of points and authorities served and filed herewith, on the declaration of Williams J. Paatalo and exhibits attached thereto, on all the papers and records of this action and on such other and further oral and/or documentary evidence as may be presented at the hearing on this motion." (*Id.* at 2).

Defendant opposes plaintiff's motion, arguing that plaintiff's proposed amendment is futile and his complaint, as amended, would not survive a motion to dismiss. (Doc. 25 at 1). In addition, defendant argues that plaintiff does not explain how his proposed amended complaint would cure any deficiencies in the original complaint. (*Id.*).

The Federal Rules provide that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "A district court has discretion in determining whether justice requires that [an] amendment be allowed." *Greenberg v. Life Ins. Co. of Virginia,* 177 F.3d 507, 522 (6th Cir. 1999) (citing *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986)). However, a plaintiff should not be granted leave to amend the complaint when the proposed amendment would be futile. *See Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005) (in deciding whether to grant leave to amend, the Court should consider futility of amendment).

Plaintiff's motion to amend should be denied as futile. Plaintiff's proposed amended complaint pleads similar facts as in his original complaint related to his claim for rescission

under TILA and defendant's alleged failure to take possession of his property within 20 days of his notice of rescission. (Doc. 21 at 6-7). The proposed amended complaint seeks to add two causes of action for fraud and causes of action for cancellation of a voidable contract and negligence. (*Id.* at 8-12). The proposed amended complaint also includes over two hundred pages of exhibits, many of which plaintiff makes no effort to explain how they relate to his cause of action.

For the reasons discussed above, it would be futile to permit plaintiff to amend his complaint to reassert a TILA rescission claim The remaining claims in plaintiff's proposed amended complaint—fraud, cancellation of a voidable contract, and negligence—are based on state law. However, given the Court's recommendation that plaintiff's TILA claim be dismissed, the Court also recommends that plaintiff's motion to amend should not be granted to allow plaintiff to add these state law claims. When all federal claims are dismissed, "the balance of considerations usually will point to dismissing the state law claims. . . ." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). *See also* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction").

To the extent plaintiff's proposed amended complaint asserts diversity of citizenship as his basis for federal jurisdiction over his state law claims (Doc. 21 at 2), there is no complete diversity in this case. For a federal court to have diversity jurisdiction under 28 U.S.C. § 1332(a), the citizenship of the plaintiff must be diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In other words, for complete diversity to exist, no plaintiff may be a citizen of the same state as any defendant. *V&M Star, LP v. Centimark*

*Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop Co. v.* Roche, 546 U.S. 81, 89 (2005). *See also* 28 U.S.C. § 1332.[1]

Other than stating that "Jurisdiction is proper under Diversity of Citizenship," plaintiff's complaint fails to establish complete diversity of citizenship among the parties. Plaintiff's complaint fails to plead the citizenship of defendant. Federally chartered national banks, which are not incorporated in any state, are considered "'citizens of the state in which they are respectively located' for diversity jurisdiction purposes." *Murphy v. JP Morgan Chase*, No. 3:11-cv-77, 2011 WL 6122642, at *3 n. 2 (S.D. Ohio Dec. 8, 2011) (quoting *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306, 318 (2006)). A national bank is located in the state where its main office is located as designated in its organization certification and articles of association. *Id.* In this case, Defendant JP Morgan Chase Bank, N.A. is a citizen of Ohio because its Articles of Association state that "[t]he main office of the Association shall be in the City of Columbus, County of Franklin, State of Ohio."[2] Therefore, complete diversity among the parties does not exist because plaintiff is also a citizen of Ohio. (Doc. 1 at 2; Doc. 21 at 2).

The undersigned concludes that it would be futile to permit plaintiff to amend his complaint to reassert his federal TILA rescission claim. In addition, plaintiff should likewise not be permitted to amend his complaint to assert his claims of fraud, cancellation of a voidable

---

[1] Although defendant did not contest jurisdiction, federal jurisdiction cannot be obtained by consent and the Court has an independent obligation to determine that jurisdiction exists. *V&M Star, LP*, 596 F.3d at 356.

[2] The Articles of Association are matters of public record over which the Court may take judicial notice in ruling on plaintiff's motion to amend to determine whether the Court would have federal jurisdiction in this case. *See In re Unumprovident Corp. Sec. Litig.*, 396 F. Supp.2d 858, 875 ("at any stage of the proceeding," courts may take judicial notice of public disclosure documents filed with the SEC) (quoting Fed. R. Evid. 201(f)). In addition, a Court may take judicial notice *sua sponte. U.S. v. Torres-Ramos*, 536 F.3d 542, 560 (6th Cir. 2008) (citing Fed. R. Evid. 201 (c)). Defendant JP Morgan Chase Bank, N.A.'s Articles of Association are maintained on the United States Securities and Exchange Commission's website and show that defendant is a citizen of Ohio. *See* https://www.sec.gov/Archives/edgar/data/1062336/000119312504207055/dex991.htm (last visited Dec. 19, 2017). *See also Murphy*, 2011 WL 6122642, at *3 n. 2 (considering Defendant JP Morgan Chase Bank, N.A.'s Articles of Association and holding that it was a citizen of Ohio for the purposes of diversity jurisdiction); *Haynes v. JPMorgan Chase Bank, N.A.*, 2011 WL 4595271, at *1 (E.D. Mich. Oct. 3, 2011) (same).

contract, and negligence—state law claims over which the Court would lack subject-matter jurisdiction. Accordingly, plaintiff's motion to amend should be denied in its entirety.

**V. Motion for Reconsideration (Doc. 26)**

Plaintiff moves the Court to reconsider its November 6, 2017 Order granting defendant's motion to strike his amended complaint. (Doc. 26 at 1).

As the undersigned has recommended that defendant's motion to dismiss be granted and plaintiff's motion to amend be denied, the Court need not consider plaintiff's motion for reconsideration. Therefore, the Court **DENIES** as moot plaintiff's motion for reconsideration.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion to dismiss (Doc. 13) be **GRANTED**.
2. Plaintiff's motion to amend his complaint (Doc. 24) be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for reconsideration (Doc. 26) is **DENIED as MOOT**.

Date: 12/22/17

Karen L. Litkovitz
United States Magistrate Judge

LORIN KAL BUCKNER,
    Plaintiff,

        vs.

JP MORGAN CHASE,
    Defendant.

Case No: 1:17-cv-302
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).